**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BERTHA SOTO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-11-936-M |
| | ) |
| CLEMENTS FOODS COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This case is scheduled for trial on the Court's May 2012 trial docket.

Before the Court is defendant's Motion for Summary Judgment, filed March 1, 2012.  On

March 21, 2012, plaintiff filed her response, and on April 10, 2012, defendant filed its reply.  Based

upon the parties' submissions, the Court makes its determination.

I.      Introduction

Plaintiff, a female Mexican-American, was an employee of defendant.  On March 8, 2012,

Alejandro Ruiz, a Mexican co-worker of plaintiff, came up to John Miller, defendant's Production

Manager, to make a complaint against Marlon Johnson and Sherwin Embrey for harassment.  Mr.

Miller was having trouble understanding Mr. Ruiz; so, Mr. Miller asked plaintiff to translate for him.

Mr. Ruiz complained to Mr. Miller that Mr. Johnson and Mr. Embrey were talking in the production

line about him.  After Mr. Miller investigated Mr. Ruiz's complaint and resolved the dispute, Mr.

Miller told Mr. Johnson twice to stop talking about the incident.  However, later that day, plaintiff

was confronted by Mr. Johnson in the break room.  According to plaintiff, Mr. Johnson confronted

her in a threatening manner, yelling and cursing, and during the confrontation, he put his fingers

almost on her nose and was also yelling in her ears.  Plaintiff states that she felt that she was in

imminent danger and hit Mr. Johnson to get him away from her.

After the incident, Mr. Miller received a report that plaintiff had slapped Mr. Johnson in the face; after which, he reviewed a video tape and spoke to several witnesses and confirmed that plaintiff slapped Mr. Johnson. Defendant has a written policy prohibiting physical violence, and the employee handbook states that a single incident can result in termination of employment. Ray Malson, defendant's Controller, reported to Louis LeFlore, defendant's Plant Manager, that there had been an altercation between plaintiff and Mr. Johnson. Mr. LeFlore and Mr. Malson went to Mr. Miller's office, and the three discussed what happened. Mr. LeFlore, Mr. Malson, and Mr. Miller decided to send Mr. Johnson home for the day to cool off with the understanding that he would be written up for insubordination for refusing to follow Mr. Miller's orders. Mr. LeFlore and Mr. Malson terminated plaintiff, stating that she had crossed the line when she struck Mr. Johnson and, therefore, was being terminated from her employment with defendant.

On July 22, 2011, plaintiff filed the instant action against defendant, alleging gender and national origin discrimination, breach of employment contract, and intentional infliction of emotional distress. Defendant now moves the Court for summary judgment as to all of plaintiff's claims.[1]

## II.    Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines

---

[1]In her response, plaintiff concedes defendant's motion for summary judgment as to her breach of employment contract claim.

the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.     Discussion

     A.     Discrimination Claims

In addressing plaintiff's gender and national origin discrimination claims, the Court, because plaintiff has not presented any direct evidence of discrimination, must apply the three-part test established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, plaintiff must establish a prima facie case of gender/national origin discrimination. In its motion for summary judgment, defendant does not dispute that plaintiff can establish a prima facie case of gender/national origin discrimination.

Second, once plaintiff has established a prima facie case of discrimination, the burden shifts to defendant to articulate a legitimate, non-discriminatory reason for terminating plaintiff's employment. *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1191 (10th Cir. 2000). Defendant asserts plaintiff was terminated for hitting a co-employee. The Court finds defendant has

met its burden to produce a legitimate, non-discriminatory reason for terminating plaintiff's employment.

Third, because defendant has provided a legitimate, non-discriminatory reason for discharging plaintiff, the burden shifts to plaintiff to show that there is a genuine issue of material fact as to whether defendant's explanation is pretextual. *Id.* Pretext can be established if the plaintiff shows either "that a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981) (citation omitted). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000). Additionally, a plaintiff "may show pretext by providing evidence that he was treated differently from other similarly situated, nonprotected employees who violated work rules of comparable seriousness, provided the 'similarly situated' employee shares the same supervisor, is subject to the same performance standards, and otherwise faces comparable relevant employment circumstances." *E.E.O.C. v. BCI Coca-Cola Bottling Co. of Los Angeles*, 450 F.3d 476, 489 (10th Cir. 2006) (internal quotations and citation omitted). Finally, the "relevant inquiry is not whether [the employer's] proffered reasons were wise, fair or correct, but whether [the employer] honestly believed those reasons and acted in good faith upon those beliefs." *Stover v. Martinez*, 382 F.3d 1064, 1076 (10th Cir. 2004).

To show pretext, plaintiff contends that Mr. Johnson was treated differently for his involvement in this incident and was not terminated. Plaintiff also contends that there was a prior incident involving Mr. Johnson hitting a female employee and Mr. Johnson was not disciplined or

terminated for that incident.  The only evidence plaintiff offers to support these contentions is her affidavit.

The Court has carefully reviewed the parties' briefs and evidentiary submissions.  Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has not submitted sufficient evidence to create a genuine issue as to whether defendant's explanation is pretextual. In the case at bar, it is undisputed that defendant has a written policy prohibiting physical violence and that a single incident of physical violence can result in termination of employment.  It is also undisputed that plaintiff slapped Mr. Johnson.  Defendant has also presented evidence that it has repeatedly terminated employees for fighting.  The Court further finds that plaintiff has not shown that she and Mr. Johnson were similarly situated.  Specifically, the Court finds that the work rules violated are not of comparable seriousness – plaintiff engaged in physical violence when she slapped Mr. Johnson; Mr. Johnson failed to adhere to Mr. Miller's instructions to stop talking about the issue with Mr. Ruiz when he continued to talk about the issue in the break room.  Further, the prior incident regarding Mr. Johnson allegedly hitting a female employee was investigated and proved to be unsubstantiated, thus, rendering plaintiff and Mr. Johnson not similarly situated.  *See Hysten v. Burlington N. and Santa Fe Ry. Co.*, 296 F.3d 1177, 1182 (10th Cir. 2002) (employees were not similarly situated when one incident was proved and the compared incident was unsubstantiated); *Watts v. City of Norman*, 270 F.3d 1288, 1296 (10th Cir. 2001) (employees were not similarly situated when there was "corroborating evidence in [one] case and the absence of such evidence in [the other]").

Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiff's discrimination claims.

B.      Intentional Infliction of Emotional Distress Claim

To establish a prima facie case of intentional infliction of emotional distress, a plaintiff must

demonstrate: (1) that the tortfeasor acted intentionally or recklessly; (2) that the tortfeasor's conduct

was extreme and outrageous; (3) that plaintiff actually experienced emotional distress; and (4) that

the emotional distress was severe.  *Daemi v. Church's Fried Chicken, Inc.*, 931 F.2d 1379, 1387

(10th Cir. 1991) (applying Oklahoma law).  "As a threshold matter, courts should determine whether

the conduct at issue is sufficient under the extreme and outrageous standard as a matter of law."  *Id.*

at 1388.

> Intentional infliction of emotional distress does not provide redress
> for every invasion of emotional serenity or every anti-social act, and
> it does not protect mere hurt feelings, no matter how justified.
> Liability does not extend to mere insults, indignities, threats,
> annoyances, petty oppressions, or other trivialities.  The test is
> whether the alleged tortfeasor's conduct is simply one of those
> unpleasant examples of human behavior which we all must endure
> from time to time, or whether it has so totally and completely
> exceeded the bounds of acceptable social interaction that the law
> must provide redress.  This court has agreed that the line between the
> acceptable and the unacceptable should be drawn in accordance with
> Comment d to § 46 of the Restatement (Second):
>
>> ". . . Liability has been found only where the conduct
>> has been so outrageous in character, and so extreme
>> in degree, as to go beyond all possible bounds of
>> decency, and to be regarded as atrocious, and utterly
>> intolerable in a civilized community.  Generally, the
>> case is one in which the recitation of the facts to an
>> average member of the community would arouse his
>> resentment against the actor, and lead him to exclaim,
>> 'Outrageous!' . . ."

*Miller v. Miller*, 956 P.2d 887, 900-901 (Okla. 1998) (internal citations omitted).

Having carefully reviewed the parties' submissions, the Court finds plaintiff has not set forth

sufficient evidence upon which reasonable people could conclude that defendant's conduct was

extreme and outrageous.  Specifically, the Court finds that plaintiff has presented no evidence showing that defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiff's intentional infliction of emotional distress claim.

IV.     Conclusion

        For the reasons set forth above, the Court GRANTS defendant's Motion for Summary Judgment [docket no. 15].

        **IT IS SO ORDERED this 20th day of April, 2012.**


                                        VICKI MILES-LaGRANGE
                                        CHIEF UNITED STATES DISTRICT JUDGE